UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGLA FERNANDEZ,

                Plaintiff,

            -against-                        25-CV-2103 (LTS)

DUSTIN FREDRICKSON; JUDGE           ORDER
ELIZABETH GIBSON; RAYMOND
TRAENDLY,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who appears *pro se*, brings an application for emergency injunctive relief and a motion for the appointment of *pro bono* counsel. Plaintiff has also filed a motion for permission for electronic case filing. For the reasons set forth below, the Court denies Plaintiff's application for emergency injunctive relief and the motion for the appointment of counsel. The Court grants Plaintiff's motion for permission for electronic case filing.

A.      **Application for emergency injunctive relief**

      To obtain emergency injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an order to show cause is denied. The Court will issue an explanatory order at a later date.

**B.     Motion for appointment of *pro bono* counsel**

Plaintiff also seeks appointment of *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**C.     Motion to participate in electronic case filing**

The Court grants Plaintiff's motion for permission to file documents electronically. (ECF 5.) The ECF Rules & Instructions are available online at https://nysd.uscourts.gov/rules/ecf-related-instructions.

Following Plaintiff's registering to file documents electronically, she no longer will receive service of documents by postal mail, whether or not she previously consented to accept electronic service. All documents filed by the court, or any other party, shall be served on Plaintiff by electronic notice to Plaintiff's designated email address. *See* Fed. R. Civ. P. 5(B)(2)(E).

Should Plaintiff have any questions regarding electronic filing, she may call the ECF Help Desk at (212) 805-0800.

## CONCLUSION

The Court denies Plaintiff's application for emergency injunctive relief and the motion for the appointment of counsel. The Court grants Plaintiff's motion for permission for electronic case filing. The Clerk of Court is directed to terminate the motions at ECF 7, 8.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 13, 2025
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge