UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDEZ REGLA,<br><br>       Plaintiff,<br><br>    -against-<br><br>DUSTIN FREDRICKSON; JUDGE ELIZABETH GIBSON; RAYMOND TRAENDLY,<br><br>       Defendants. | 25-CV-2103 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, a resident of New York County, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating her rights. Named as Defendants are: (1) Judge Elizabeth Gibson, who sits in the Ninth Judicial Circuit Court in Orlando, Florida; (2) Dustin Frederickson, the father of Plaintiff's child, who resides in Orlando Florida; and (3) Raymond Traendly, a Florida attorney who is representing Frederickson in a custody dispute between Plaintiff and Frederickson before Judge Gibson. For the following reasons, this action is transferred to the United States District Court for the Middle District of Florida.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's claims arise from custody proceedings in Orlando, Florida. She alleges that Fredrickson resides in Orlando, Florida, where Judge Gibson sits and where Traendly works as an attorney. Orlando, Florida is located in Orange County, which falls within the Middle District of Florida. *See* 28 U.S.C. § 89(b). It thus appears that venue is proper in the Middle District of Florida under either Section 1391(b)(1) or (b)(2). There are no allegations in the complaint suggesting that venue is proper in this District.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The events giving rise to this complaint occurred in Orlando, Florida, where Defendants appear to reside, and it is reasonable to expect that all relevant documents and witnesses also would be located there. The Middle District of Florida appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Middle District of Florida. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida. A summons shall not issue from this Court. The transferee court will adjudicate any outstanding motions. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 29, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge